WILLIAM SILVERMAN ET AL. *v.* CITY OF NEW HAVEN
(7668)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 6—decision released August 15, 1989

*Benson A. Snaider,* with whom, on the brief, was *Britta Schneider,* for the appellants (plaintiffs).

*Edward R. Mattison,* deputy corporation counsel, for the appellee (defendant).

SPALLONE, J. The plaintiffs appeal from the judgment of the trial court dismissing their administrative appeal in which they had sought review of the denial by the New Haven department of real estate services of relocation benefits under General Statutes §§ 8-266 through 8-282, the Uniform Relocation Assistance Act (URA). The plaintiffs claim that the trial court erred (1) in dismissing the action on the ground that it was without jurisdiction to hear the appeal because the plaintiffs had failed to exhaust their administrative remedies, and (2) in construing § 8-273-1 of the regulations of Connecticut state agencies as imposing a limi-

tation of action with regard to the entitlement of displaced persons to relocation assistance pursuant to General Statutes § 8-268.

The trial court found the following facts. On August 18, 1983, the defendant city of New Haven, through the department of real estate services (DRES), acquired, by eminent domain, the real estate known as 1022-1024 Chapel Street in New Haven. At that time, the plaintiffs were tenants conducting their business at 1022-1024 Chapel Street and were in possession of the premises under the terms of a lease that was to terminate on April 30, 1988. The lease contained a condemnation clause providing that the acquisition of the premises by eminent domain would terminate the lease.

The defendant allowed the plaintiffs to continue in possession of the premises on a month-to-month basis without benefit of a written lease. On or about July 9, 1984, the defendant conveyed the premises to the Schiavone Realty and Development Corporation (Schiavone), which in turn also allowed the plaintiffs to continue in possession on a month-to-month basis, but at an increased rent.

On November 17, 1986, the plaintiffs informed DRES in writing that Schiavone had commenced a summary process action against the plaintiffs that had been resolved by a stipulated judgment allowing the plaintiffs to remain in possession of the premises until March 1, 1987. In the letter, the plaintiffs requested relocation assistance from the defendant. By letter dated January 15, 1987, DRES informed the plaintiffs that they were ineligible for relocation assistance. Upon the plaintiffs' request for reconsideration and a hearing, a hearing was held on February 23, 1987, before the director of DRES. DRES refused to grant the plaintiffs' application for relocation assistance. The plain-

tiffs did not appeal the denial by DRES of the requested relief to the state commissioner of housing (commissioner), as provided by General Statutes § 8-278[1] and § 8-273-1 of the regulations of Connecticut state agencies.[2] Instead, the plaintiffs appealed the decision of DRES directly to the Superior Court.

The defendant moved for summary judgment on the ground that the plaintiffs had failed to exhaust their administrative remedies. In order to oppose the defendant's motion for summary judgment, the plaintiffs submitted to the trial court an affidavit given by Anne

---

[1] "[General Statutes] Sec. 8-278. APPEALS TO COMMISSIONERS. Any person or business concern aggrieved by any agency action, concerning eligibility for relocation payments authorized by this chapter, may appeal such determination to the commissioner of transportation in the case of relocation made necessary by a transportation project or to the commissioner of housing in the case of relocation made necessary by any other state agency program or project. The commissioner of transportation and the commissioner of housing shall have the power to certify official documents and to issue subpoenas to compel the attendance of witnesses or the production of books, papers, correspondence, memoranda or other records deemed necessary as evidence in connection with an appeal pursuant to this section. If any person to whom such subpoena is issued fails to appear, or having appeared refuses to give testimony or fails to produce the evidence required, the superior court, upon application of the attorney general representing the appropriate commissioner, shall have jurisdiction to order such person to appear or to give testimony or produce the evidence required, as the case may be. The commissioner of transportation, or a hearing officer duly appointed by him, or the commissioner of housing, or a hearing officer duly appointed by him, shall have the power to administer oaths and affirmations in connection with an appeal pursuant to this section."

[2] Section 8-273-1 of the regulations of Connecticut state agencies provides in pertinent part: "(a) Any person aggrieved as to the provisions of Chapter 135 of the General Statutes of Connecticut, as revised, should first request reconsideration by the State agency of the decision initially received as to relocation assistance. If the person aggrieved is not satisfied by the decision rendered by the State agency upon reconsideration, he then may request a hearing before the Relocation Advisory Assistance Appeals Board. (b) The request must be submitted in writing to the State agency causing the displacement within eighteen months after the date of acquisition of real property by the State agency causing the displacement by land acquisition programs . . . ."

Brennan Carroll, a consultant to the department of housing, legal section. In the affidavit, Carroll stated that she was familiar with the relocation regulations of the department of housing and that the commissioner of housing "will not entertain a relocation assistance appeal submitted after 18 months from the date of acquisition of the real property." The affidavit further states: "Therefore, if the city of New Haven acquired premises by eminent domain on August 18, 1983, the tenant's right to appeal to the commissioner of housing any action of the city of New Haven regarding relocation assistance from which they were aggrieved would have expired in any event on February 18, 1985, even though the tenant had not been displaced from the premises on that date. In other words, according to the regulations, if premises were acquired by eminent domain by the City of New Haven on August 18, 1983, the Commissioner of Housing would not entertain an appeal from a denial of relocation benefits by the City of New Haven claimed as a result of a displacement caused by such taking after February 18, 1985." The trial court granted the defendant's motion for summary judgment.

In this appeal, the dispositive question is whether the trial court properly determined that the plaintiffs had failed to exhaust their administrative remedies. We agree with the trial court.

The plaintiffs concede that they failed to appeal the adverse ruling of DRES to the commissioner, in accordance with General Statutes § 8-278. It is a well settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. General Statutes § 4-183; *Greenwich* v. *Liquor Control Commission,* 191 Conn. 528, 541, 469 A.2d 382 (1983); *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 357, 377 A.2d

1099 (1977). The exhaustion doctrine implicates subject matter jurisdiction. *Pet* v. *Department of Health Services,* 207 Conn. 346, 351, 542 A.2d 672 (1988). Once brought to the attention of the court, the question of jurisdiction must be decided, and, when the court determines that it lacks jurisdiction, it is bound to dismiss the case. *Cahill* v. *Board of Education,* 198 Conn. 229, 238, 502 A.2d 410 (1985).

The plaintiffs argue that, because they were not "displaced" until long after the eighteen month period provided by the regulation for an appeal had elapsed, they had no practical or adequate administrative remedy that would require exhaustion. Accordingly, they argue that they should have been permitted to appeal directly to the Superior Court.

There is no question that the law recognizes exceptions to the exhaustion doctrine in situations in which resort to the administrative remedy available to a party would be futile or inadequate. See, e.g., *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 519, 442 A.2d 920 (1982); *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* 178 Conn. 586, 589, 424 A.2d 285 (1979); *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 282, 362 A.2d 1354 (1975); *Bianco* v. *Darien,* 157 Conn. 548, 554, 254 A.2d 898 (1969). The plaintiffs state no persuasive reason, however, why they could not have utilized the review procedure provided by General Statutes § 8-278 and § 8-273-1 of the regulations of Connecticut state agencies for review by the commissioner of the agency action in question. The plaintiffs essentially urge this court to permit bypass of the provisions establishing a procedure for administrative review on the basis that the commissioner, had he been duly presented with an appeal, would have refused review on the ground that the plaintiffs had not timely filed the appeal. The possibility that the commissioner might have so ruled, however, does not render resort

to the review procedure necessarily futile or inadequate. See *Doe* v. *Heintz,* 204 Conn. 17, 36–37, 526 A.2d 1318 (1987); *Sullivan* v. *State,* 189 Conn. 550, 558–59, 457 A.2d 304 (1983). We note that the affidavit submitted by the plaintiffs in opposition to the defendant's motion for summary judgment does not establish that appealing to the commissioner would have been futile. The plaintiffs apparently first obtained the opinion expressed in this affidavit after the defendant filed its motion for summary judgment. There is no indication that the plaintiffs informally obtained an opinion from the commissioner regarding the feasibility of an administrative appeal and then relied on that opinion in appealing to the Superior Court. Even if the plaintiffs had informally obtained such an opinion, however, that action would not have relieved them of the duty to comply with the applicable statute and regulation by formally filing an appeal with the commissioner. In the event that the commissioner formally refused to entertain such an appeal, judicial review of that decision would, of course, be available. We cannot assume, however, on the strength of the affidavit submitted by the plaintiffs, that it was inevitable that the commissioner would have denied review had the plaintiffs formally filed an appeal. Under these circumstances, we do not think the affidavit submitted by the plaintiffs establishes that resort to the administrative review process would have been futile. There are good reasons for requiring that parties exhaust available administrative remedies before seeking judicial review. Foremost among those reasons is the policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. See *Pet* v. *Department of Health Services,* supra. Since we are not aware of any legal barrier to the presentation of the plaintiffs' claim to the commissioner, we cannot

assume that recourse to that procedure would necessarily have been futile or inadequate.[3]

General Statutes § 8-278 and § 8-273-1 of the regulations of Connecticut state agencies set forth a procedure for obtaining review of adverse agency action. The right to appeal from the decision of an administrative agency exists only under statutory authority. *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979); *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985). When a statute creates a benefit and provides for a right of appeal from a decision of an administrative agency authorized to grant the benefit, such right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *Newtown* v. *Department of Public Utility Control,* supra. Moreover, because the validly enacted regulations of an administrative agency carry the full force and effect of statutory law; *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 497, 512 A.2d 199 (1986); *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 400, 446 A.2d 1059 (1982); *Ziperstein* v. *Tax Commissioner,* 178 Conn. 493, 497, 423 A.2d 129 (1979); such compliance includes abiding by validly adopted regulations governing the administrative appeal process. " 'The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions.' *Concerned Citizens of Sterling* v. *Sterling,* [204 Conn. 551, 557, 529 A.2d 666 (1987)]; *Connecticut Life & Health Ins. Guaranty*

---

[3] We express no view on the issue of whether an appeal by the plaintiffs to the commissioner would have been, or will be, considered untimely. That question, which can be answered only by interpreting agency regulations, is best left to the commissioner in the first instance and is not, in any event, properly before us in this appeal.

*Assn.* v. *Jackson,* [173 Conn. 352, 358–59, 377 A.2d 1099 (1977)]. 'The doctrine of exhaustion "furthers the salutory goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." *Watergate II Apartments* v. *Buffalo Sewer Authority,* 46 N.Y.2d 52, 57, 385 N.E.2d 560, 412 N.Y.S.2d 821 (1978).' *Cahill* v. *Board of Education,* [198 Conn. 229, 238, 502 A.2d 410 (1985)]." *Pet* v. *Department of Health Services,* supra. The plaintiffs' choice to bring their appeal directly to the Superior Court, without first resorting fully to the administrative review process provided for by statute and regulation, cannot be sustained.

Accordingly, we agree with the trial court that the plaintiffs failed to exhaust an available administrative remedy and hold that the court did not err in its decision to dismiss the plaintiff's administrative appeal on jurisdictional grounds.

There is no error.

In this opinion the other judges concurred.