[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#112)
After hearing held on defendants' motion to dismiss, it is hereby ORDERED: denied; for the following reasons:
Before resort to the courts may be had in the pursuit of alleged violations of state statutory procedures and due process safeguards, parties to a collective bargaining agreement must exhaust the exclusive grievance and arbitration procedures established in the agreement. Trigila v. Hartford, 217 Conn. 490,494-95 (1991). An exception to the rule applies when resort to the administrative remedy would be futile or inadequate. Cannata v. Department of Environmental Protection, 215 Conn. 216, 228
(1990); Silverman v. New Haven, 19 Conn. App. 360, 365 (1989). The plaintiff, inter alia, seeks compensatory and punitive damages for alleged constitutional violations and injury to his reputation. The subject grievance procedure (Article xxi) does not allow a grievant to collect money damages or the Chief of Police, Board of Police Commissioners, or State Board of Mediation CT Page 5155 and Arbitration to make such award. Relief available to the plaintiff under the procedure is, accordingly, inadequate, and he is not required to exhaust such remedy. Subject matter jurisdiction attaches. Cf. School Administrators Assn. v. Dow,200 Conn. 376, 382-83 (1986).
GAFFNEY, JUDGE
[EDITORS' NOTE: CT Page 5156 to 5163 are blank.] CT Page 5164