[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At the outset of this trial to the court, an issue arose regarding subject matter jurisdiction. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." State v. Carey, 222 Conn. 299, 305, ___ A.2d ___ (1992).
The jurisdictional issue in this case is whether the plaintiff, Savoy Laundry, Inc. (Savoy), exhausted its available administrative remedies before commencing a suit in this court. "The failure to exhaust applicable administrative remedies deprives the court of subject matter jurisdiction. Hyatt v. City of Milford, 26 Conn. App. 194, 197, 600 A.2d 5 (1991). CT Page 8527
The underlying facts in this controversy date all the way back to 1973 when the defendant Stratford Redevelopment Agency (SRA) entered into an agreement with the United States Department of Housing and Urban Development (HUD) to construct public housing in Stratford pursuant to Title I of the Housing Act of 1949. The enterprise, known as the Frash Pond Urban Development Project, includes construction of housing at 405-425 Woodend Road in Stratford where Savoy's laundry and linen supply business was located. The premises in question were owned by Vazzano Realty Co., Inc. and leased to Savoy, and the project required relocation of Savoy's business to a new location. Savoy submitted a claim of approximately $190,000 for relocation expenses, but SRA using HUD funds pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., only paid the plaintiff about $26,700. The landlord constructed a new building at 895 Woodend Road and Savoy moved to the new site as a tenant in the summer of 1977. At the request of the plaintiff, SRA then conducted a grievance hearing in 1980 and denied Savoy's request for additional compensation.
Savoy appealed this ruling to the HUD regional office in Hartford, which declined to revise the amount offered by SRA. Savoy appealed that decision to the United States District Court in Connecticut in 1983, where summary judgment was granted in favor of HUD and the appeal dismissed in 1985 on the ground that much of what Savoy sought reimbursement for had already been compensated in the eminent domain proceedings. Judge Burns, of the District Court, also determined that SRA and HUD had acted in good faith in processing Savoy's claim for relocation expenses. The plaintiff did not appeal this decision to the Second Circuit Court of Appeals.
In the meantime, in 1983, Savoy commenced the within action in this court against HUD, SRA, and four individual defendants, complaining of insufficient relocation reimbursement, and an unconstitutional taking of its property without just compensation. The individual defendants were the three members of SRA and the city manager, whom plaintiff accused of improperly performing their duties in processing its claim to the SRA. Because of the presence of HUD as a defendant, this action was initially removed to federal court where the federal action against HUD was dismissed and the state action, this case, was remanded for lack of subject matter jurisdiction.
The claim that this court lacks subject matter jurisdiction is grounded on Chapter 135 of the General Statutes, the Uniform Relocation Assistance Act. General Statutes 8-267(1) defines state agency to include an entity such as SRA. Savoy qualifies as a "displaced person" (8-267(3)) as it was forced to relocate its CT Page 8528 business due to the landlord's building being acquired by SRA for housing purposes. Section 8-268(a) requires payment to a company such as Savoy for its moving expenses, direct loss of tangible personal property, and expenses incurred in searching for a new location. Section 8-278 states that a person aggrieved by an action of an agency such as SRA "may appeal such determination" to the State of Connecticut commissioner of housing.[1] Savoy never appealed SRA's decision. It followed an alternative route by appealing at the federal level to HUD and then the U.S. District Court, but did not appeal pursuant to General Statutes 8-278.
I believe this case is controlled by Silverman v. New Haven,19 Conn. App. 360, 562 A.2d 562, cert. denied 212 Conn. 812,565 A.2d 537 (1989). The plaintiffs in that case, who were also tenants, were forced to relocate due to condemnation of the building where they conducted a business. The local New Haven agency refused their request for relocation expenses, and the plaintiffs failed to appeal to the commissioner of housing in accord with General Statutes 8-278, but rather appealed directly to the Superior Court. In affirming the trial court's dismissal of the appeal, the court repeated the axiom that "[i]t is a well-settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. General Statutes 4-183." Id., 364. The Silverman court pointed out that "General Statutes 8-278 and 8-273-1
of the regulations of Connecticut state agencies[2] set forth a procedure for obtaining review of adverse agency action. The right to appeal from the decision of an administrative agency exists only under statutory authority . . . When a statute creates a benefit and provides for a right of appeal from a decision of an administrative agency authorized to grant the benefit, such right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Id., 367 (citations omitted).
I see no distinction between this appeal and the Silverman case, which concluded by stating that "The plaintiff's choice to bring their appeal directly to the Superior Court, without first resorting fully to the administrative review process provided for by statute and regulation, cannot be sustained." Id., 368.
Savoy attempts to circumvent the doctrine of exhaustion of administrative remedies by asserting in its complaint that the defendants, SRA, the municipality, and the four individuals, all committed tortious acts in processing its claim for relocation expenses, and conspired to tortiously deprive plaintiff of the proper amount due it. What is really at issue, however, is the determination by SRA and the individuals comprising this agency that the plaintiff's claim was inflated. Simply by alleging that the individual defendants, including the city manager, engaged in tortious CT Page 8529 conduct does not, in my opinion, relieve the plaintiff of the need to follow the procedures established in our statutes for one who is dissatisfied with an allowance for relocation.
If plaintiff's theory was followed to its logical conclusion, in a situation where, for example, a zoning enforcement officer issued a cease and desist order, one could allege tortious conduct by that official, and appeal directly to the Superior Court, instead of to a zoning board of appeals in accordance with General Statutes 8-6(1). It is axiomatic that if an appeal to an administrative agency is authorized, one must follow that procedure. General Statutes 4-183. Simply asserting tortious conduct I and asking for punitive damages and attorney's fees does not afford this plaintiff an alternative route to an administrative appeal.
In view of this disposition of the case it is not necessary to analyze the defendants' other arguments that this court lacks subject matter jurisdiction because all the issues involved in this appeal were already decided by Judge Burns in the federal action, or that federal jurisdiction is exclusive where HUD money is involved, and/or that the individual defendants are entitled to immunity because they were making a discretionary decision when processing Savoy's claims for relocation expenses, except to note that these arguments all appear plausible.
In any event, it is found that this court lacks subject matter jurisdiction because the plaintiff failed to exhaust its administrative remedies, and hence the action is dismissed, with costs to be taxed by the clerk.
So Ordered.
Dated at Bridgeport, Connecticut, this day 8th of September, 1992.
William B. Lewis, Judge