[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss on the grounds that the plaintiffs have failed to exhaust their administrative remedies, and that none of the exceptions to the exhaustion doctrine apply.
On February 8, 1993, plaintiffs, Charles St. Pierre, John Franklin, Adam Duperry, Rose Dumond, Beth Stein, Howard Lee, Roger Lundenberg and Anthony Dyous, filed a one count complaint against defendant, Albert J. Solnit, M.D., Commissioner of the Department of Mental Health, State of Connecticut, accompanied by supplemental affidavits. Plaintiffs allege that they are patients and residents at Norwich Hospital, a facility operated by the Department of Mental Health through named defendant Solnit.
Plaintiffs allege that on or about January 1, 1993, defendant partially implemented a new smoking policy at Norwich Hospital in violation of the Uniform Administrative Procedure Act (UAPA), General Statutes 4-166 et seq. Plaintiffs allege that the new policy, as partially implemented at Norwich Hospital, prohibits smoking in the building, with the exception of two fifteen minute smoking breaks in designated smoking areas.
The new policy, which plaintiffs allege is an unadopted regulation, states in relevant part:
 the smoking of cigarettes, cigars or pipes is absolutely prohibited in all state-owned or leased premises occupied by the Department of Mental Health. There shall be no designated smoking areas on these premises. Smoking by staff, visitors and patients/clients will be permitted only outside the buildings or CT Page 8638 outside the DMH premises, if the building is shared with other lessees.
(Emphasis in original.) (Complaint, exhibit A, Commissioner's Policy Statement No. 51 dated May 1, 1992.)
Plaintiffs allege that the partial implementation of the new smoking policy has had a substantial impact on their "rights and obligations," and has caused them numerous difficulties in their daily lives, including having to smoke outside of the building in the cold, rain or snow, decreased socialization with friends and families, and risking the loss of institutional privileges.
Plaintiffs seek to enjoin the enforcement of the new smoking policy and the restoration of the smoking policy as it existed prior to January 1, 1993, which allowed smoking in all the buildings at various intervals, in designated smoking areas. Plaintiffs also seek attorney's fees and expenses pursuant to General Statutes 4-184a.
On May 27, 1993, defendant filed a motion to dismiss with a memorandum in support and three exhibits. On June 22, 1993, plaintiffs filed a memorandum in opposition. The court heard arguments concerning this motion on June 29, 1993. On June 29, 1993, plaintiffs filed a supplemental memorandum in opposition, and on the same date, defendant filed the affidavit of Deputy Commissioner Kenneth Marcus, M.D.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 142; Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "[T]he claim that the plaintiffs failed to exhaust their administrative remedies goes to subject matter jurisdiction and is properly raised by such a motion under Practice Book 143. . . ." School Administrators Assn. v. Dow, 200 Conn. 376, 380 n. 3,511 A.2d 1012 (1986). "[F]ailure to comply strictly with the statutory provisions by which a statutory right to appeal is created will subject an appeal to dismissal." (Citation omitted.) Killingly v. Connecticut Siting Council,220 Conn. 516, 522, 600 A.2d 752 (1991).
 The right to appeal a decision of an administrative agency exists only under CT Page 8639 statutory authority. . . . A plaintiff seeking a right to appeal under 4-183 must exhaust all administrative remedies. It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . [W]here a statute has established procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure.
(Citations omitted; internal quotation marks omitted.) Cannata v. Department of Environmental Protection, 215 Conn. 616,622-23, 577 A.2d 1017 (1990). "There are some exceptions to the exhaustion doctrine, `although . . . [the courts] have recognized such exceptions only infrequently and only for narrowly defined purposes.' LaCroix v. Board of Education, 199 Conn. 70, 79, 505 A.2d 1233 (1986)." Pet v. Department of Health Services, 207 Conn. 346, 353,542 A.2d 672 (1988). Among the exceptions is where "the constitutional propriety of an agency ruling is raised . . . [and where] the relief sought and issues raised are distinctly equitable." (Citations omitted.) Harwinton Drilling Eng. Co. v. Public Utilities Control Authority,188 Conn. 90, 94, 448 A.2d 210 (1982). A conclusion
 that there are no constitutional infirmities . . . worthy of an exception to the exhaustion doctrine does not preclude a grant of injunctive relief on some other ground that might arise. . . . Any grant of injunctive relief, however, would be extraordinary. . . . A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . Absent a showing of immediate and irreparable harm, a party who is aggrieved by a decision of an administrative agency may not institute an independent action for the purpose of bypassing the UAPA appeal process.
(Citations omitted; internal quotation marks omitted.) Pet CT Page 8640 v. Department of Health Services, supra, 370. The mere inclusion in a complaint of a claim for injunctive relief is not enough to avoid the requirement that the complaining party exhaust administrative remedies. Housing Authority v. Papandrea, 222 Conn. 414, 422-24, 610 A.2d 637 (1992). Another exception to the exhaustion doctrine is where recourse to the administrative remedy would be futile or inadequate. Pet v. Department of Health Services, supra, 353. However, the supreme court has "never held that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement." (Citation omitted; internal quotation marks omitted.) Housing Authority v. Papandrea, supra, 424. "The exhaustion doctrine implicates subject matter jurisdiction. . . . Once brought to the attention of the court, the question of jurisdiction must be decided, and, when the court determines that it lacks jurisdiction, it is bound to dismiss the case." (Citations omitted.) Silverman v. New Haven, 19 Conn. App. 360, 365, 562 A.2d 562
(1989).
In support of his motion, defendant argues that the court lacks subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies by not petitioning defendant for a declaratory ruling, pursuant to General Statutes 4-176. In opposition to the motion, plaintiffs argue that the court has jurisdiction to grant injunctive relief in this case because of plaintiffs' continuing peril of having their rights violated by the implementation of the May 1, 1992 smoking policy as evidenced by defendant's notice dated May 6, 1993, which plaintiffs claim renews the May 1, 1992 policy and prohibits smoking in the following terms:
 Effective Date: June 15, 1993 . . . [T]he smoking of cigarettes, cigars or pipes is absolutely prohibited in all state-owned or leased premises occupied by the Department of Mental Health. There shall be no designated smoking areas on these premises. Smoking by staff, visitors and patients/clients will be permitted only outside the buildings or outside the DMH premises, if the building is shared with other lessees. CT Page 8641
(Emphasis in original.) (Policy Statement No. 51 dated May 6, 1993, attached to Plaintiffs' supplemental memorandum.)
In his affidavit, Deputy Commissioner Marcus attests that the notice dated May 6, 1993, reiterating the May 1, 1992 policy, was an unauthorized and erroneous communication. Defendant maintains that the smoking policy currently being implemented at Norwich Hospital beginning in January or February, 1993, is the one expressed in a letter dated February 11, 1993, which allows smoking in the following terms:
 DMH will be a No Smoking Agency for all employees, visitors and clients not residing in a DMH inpatient setting. For inpatients at DMH hospitals, the requirement is that each hospital develop its own action plan to reach the goal of the JCAHO accreditation requirement for January 1, 1994. Hospital action plans will include: Documented patient participation; equal access to regulated smoke breaks; protection of non-smokers from passive smoke exposure; and education and supportive measures for patients who wish to quit or reduce their smoking habit.
 Outside accommodations must provide shelter from inclement weather reasonable access and adequate ventilation and space.
(See Defendant's memorandum in support, exhibit B, letter from Solnit to Edward Mattison, Executive Director of Connecticut Legal Rights Project, Inc.; exhibit C, Interoffice Memorandum dated February 19, 1993 re: Smoking Policy. See also Marcus affidavit, 4-6.)
 [T]he doctrine of exhaustion of [administrative] remedies . . . relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review . . . . [N]otions of administrative CT Page 8642 autonomy require that the agency be given a chance to discover and correct its own errors.
(Citations omitted; internal quotation marks omitted.) Cannata v. Department of Environmental Protection, supra, 625.
Section 4-176(a) states in relevant part that: "Any person may petition an agency . . . for a declaratory ruling as to the validity of any regulation . . . on a matter within the jurisdiction of the agency." General Statutes 4-176(a).
Section 4-183(a) states in relevant part that: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." (Emphasis added.) General Statutes 4-183(a).
Section 4-183(b) states that: "A person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy." General Statutes 4-183(b).
Under Section 4-176(a), plaintiffs have available the administrative remedy of petitioning defendant for a declaratory ruling as to the validity of the May 1, 1992 Commissioner's Policy Statement No. 51. Although plaintiffs have argued that on January 7, 1993 they wrote a letter to defendant communicating plaintiffs' belief that the policy was in violation of the UAPA, requesting the rescission of the policy, and requesting compliance with the UAPA, plaintiffs have not petitioned defendant for a declaratory ruling. (See Plaintiffs' memorandum in opposition, p. 2.) As indicated above, "[i]t is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Citations omitted; internal quotation marks omitted.) Cannata v. Department of Environmental Protection, supra, 622. "[I]n the present case, the plaintiff[s] cannot avoid the operation of 4-176(a) by the mere inclusion in . . . [their] complaint of a claim for injunctive relief." CT Page 8643 Housing Authority v. Papandrea, supra, 424. Although the relief sought is an equitable one, plaintiffs' complaint does not raise distinctly equitable issues. See Bianco v. Darien, 157 Conn. 548, 554-55, 254 A.2d 898 (1969). Whether defendant implemented an unadopted regulation in violation of the UAPA is not a distinctly equitable issue. Therefore, the "equitable relief and equitable nature of the issues" exception to the exhaustion requirement does not apply in this case.
In addition, plaintiffs' complaint alleges that the new smoking policy, as partially implemented, has had a substantial impact on plaintiffs' "rights and obligations," and that it threatens to violate plaintiffs' rights. However, plaintiffs do not identify which of their rights and obligations are being affected by defendant's action. Furthermore, plaintiffs fail to cite any authority in support of their claim. Plaintiffs have failed to demonstrate that they are exempted from the exhaustion doctrine under the "constitutionally improper act" exception.
We find that plaintiffs have failed to exhaust their administrative remedies, and that none of the exceptions to the exhaustion doctrine apply. Accordingly, defendant's motion to dismiss is granted.