[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision by the Newtown District Department of Health denying an application for a permit that would enable the appellant to add a second story to a cottage on his property in Newtown. On February 6, 1996, the respondent (hereafter "Town") moved to dismiss the appeal for lack of subject matter jurisdiction due to the appellant's failure to exhaust all available administrative remedies. CT Page 5204-K
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."' (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, quoting Baskin's Appeal from Probate,194 Conn. 635, 640. "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent LakeTax District, 205 Conn. 290, 294; Practice Book § 142. "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or . . . [on appeal]. . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. . . ." Mannweiler v. LaFlamme, 232 Conn. 27, 35, citing In re Judicial Inquiry No. 85-01, 221 Conn. 625, 629. If administrative remedies have not been exhausted, the trial court lacks subject matter jurisdiction. Polymer Resources, Ltd. v.Keeney, 227 Conn. 545, 557.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) OG Industries, Inc.v. Planning Zoning Commission, 232 Conn. 419, 425.[1] "The doctrine of exhaustion fosters the orderly processes of administrative adjudication an judicial review by providing the reviewing court with the benefit of the agency's findings and conclusions. Accordingly, a party who has a statutory right of appeal from a decision of an administrative agency may not bring an independent action to test the very issues that the statutory appeal was designed to test." (Citations omitted.) Payne v.Fairfield Hills Hospital, 215 Conn. 675, 679. "The right to appeal from the decision of an administrative agency exists only under statutory authority. When a statute creates a benefit and provides for a right of appeal from a decision of an administrative agency authorized to grant the benefit, such right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Citations omitted.) Silverman v. New Haven, 19 Conn. App. 360, 367. Additionally, the doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency in advance of possible judicial review.Cahill v. Board of Education, 198 Conn. 229, 238.
Here, the Town argues that the appellant was obliged to appeal to the commissioner of public health and addiction CT Page 5204-L services, pursuant to General Statutes § 19a-229, prior to seeking review of this court. The statute recites that:
 Any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the commissioner of public health and addiction services, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or such order.
The administrative review provided by § 19a-229 is designed to address the very same issue that the appellant would now raise in this appeal. That is whether the denial of the permit was arbitrary and capricious and in abuse of the Town's discretion. The appellant's decision to bypass the administrative remedy statutorily made available to him is contrary to the general principles of requiring a party to exhaust all available administrative remedies. The proper course of action was to appeal to the commissioner pursuant to § 19a-229, and should he have obtained an adverse decision, then appealed to the Superior Court. See, e.g., Bernier v. Commissioner of HealthServices, Superior Court, judicial district of New London, Docket No. 53 14 60 (September 18, 1995, Hurley, J.); GD DevelopmentInc. v. Addiss, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 50 95 80 (June 14, 1995, Maloney, J.) (ruling on town health department actions that had been sustained by the commissioner pursuant to § 19a-229). Consequently, the failure to do so deprives the court of subject matter jurisdiction over the appeal. It is, accordingly, dismissed.
Moraghan, J.