[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The Appellants in this action are contesting the decision of the State of Connecticut Codes and Standards Committee (hereinafter Committee) dated August 10, 1995 (R. #13). The Committee within the Department of Public Safety is established pursuant to General Statutes § 29-251. The Committee in accordance with General Statutes § 29-266
has jurisdiction over appeals involving building codes and related matters.
The underlying appeal to the Committee was filed December 12, 1994; seeking reimbursement of eleven dollars in building permit "penalty charges" and sanctions against Town of Windham Assistant Building Official Curtis Garry. An amended Complaint was filed on November 3, 1995. Mr. Garry and the town of Windham are Defendants in this action.
The Committee's decision of August 10, 1995 found the Appellants were not aggrieved in that they did not exhaust administrative remedies as set forth under General Statutes §§ 29-266 (b) and (c). It further found that the Committee was without jurisdiction to entertain an appeal of an CT Page 7864 assistant building official or a designee of the building official.
The record reveals a history of conflicts between the Appellants and a number of town of Windham officials. The instant case, however, is limited to a dispute over the town requiring the Plaintiffs to obtain a building permit for a repair project on their property.
The Defendants have, by their Motion to Dismiss, challenged this court's jurisdiction to entertain this appeal. The Edelmans argue that the Motion to Dismiss is untimely. However, the issue of "subject matter jurisdiction may be raised at any time and therefor can neither be waived . . . nor conferred by consent." (Citations omitted.) Daley v. Hartford, 215 Conn. 14, 26
cert. denied, 498 U.S. 982 (1990). "Once brought to the attention of the court, regardless of the form of the Motion it must be acted upon." Cahill v. Board of Education,198 Conn. 229, 238 (1985 Cahill II). "If the trial court had no jurisdiction because the plaintiffs had failed to exhaust their administrative remedies, the action must be dismissed." Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 557 (1987). Appeals from administrative agencies exist only under statutory authority. "It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." New England RehabilitationHospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120
(1993); Marshall v. Inland Wetlands Comm., 221 Conn. 46, 50
(1992). An Appellant may take advantage of that right to appeal only by strictly complying with the statute that creates the right. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989). General Statutes §§ 4-166
and 4-183 provide only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal only a "final decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case," as defined in § 4-166, is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for a hearing or in which a hearing is in fact held." A person "does not have a right to appeal unless the CT Page 7865 [agency] was statutorily required to determine the [person's] legal right or privilege in a hearing or after an opportunity for a hearing." Summit Hydropower Partnershipv. Commissioner of Environmental Protection, 226 Conn. 792,802 (1993).
In this case the statute which creates the right to appeal sets forth a procedure for prior municipal review of the building official's decision, through a municipal board of appeals. General Statutes § 29-266(b). Section 29-266(c) provides for submission of an appeal to the chief executive officer of the municipality if there is no municipal board of appeals.
The Appellants on at least two occasions, January 23, 1994, and December 8, 1994, inquired of the Windham First Selectman about the existence of a Windham Board of Appeals (R. #16). The Appellants at oral argument and in their brief failed to cite either an appeal to the Windham Board of Appeals (pursuant to § 29-266(b)) or to the Windham chief executive officer (pursuant to § 29-266(c)) which specifically related to the building permit of November 23, 1994 (R. #16) or incidents related thereto. The inquiries, as to the existence of a municipal board of appeals, did not present the nature of Appellant's dispute to the municipal officials.
"It is a settled principal of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the superior court will retain jurisdiction to act in the matter." LaCroix v. Board of Education,199 Conn. 70, 83-84 (1986); Concerned Citizens of Sterling v.Town of Sterling, 204 Conn. 551, 556 (1987).
Appellants argue that they attempted to have the town specifically create a board of appeals, and thus were frustrated in their attempts to exhaust their administrative remedy. This argument does not answer their failure to raise with the town the specific dispute that was brought to the attention of the State Codes and Standards Committee. The procedure set forth in § 29-266 (c) addresses the appropriate route to follow in the absence of an existing municipal board of appeals. The Appellants failed to present to either the Windham Board of Appeals or the Windham Chief Executive Officer their specific complaint. CT Page 7866
The Appellants' alternative argument is that they are not required to pursue a futile remedy (citing Corsino v.Grover, 148 Conn. 299, 308 (1961). They contend that the town would not provide an adequate remedy because of the town's hostility towards the Appellants and its bad faith. "There is no question that the law recognizes exceptions to the exhaustion doctrine in situations in which resort to the administrative remedy would be futile or inadequate."Silverman v. New Haven, 19 Conn. App. 360, 365, cert. denied212 Conn. 812 (1989); Maresca v. Ridgefield, 35 Conn. App. 769,772 (1994).
"Although we do not require a party to pursue an administrative remedy that is futile, we have never held that the mere possibility that an administrative agency may deny a party the specific relief requested is a ground for an exception to the exhaustion requirement. Citing Cahillv. Board of Education, supra at 798 Conn. 243). In our cases, we have held that futility is more than a mere allegation that the administrative agency might not grant the relief requested. In most instances, we have held that the failure to exhaust an administrative remedy is permissible only when the administrative remedy is useless. For example, in Cahill II, supra, we held that a mere claim of probable bias was insufficient to avoid the exhaustion doctrine. Id. at 242." Concerned Citizens of Sterling v.Sterling, supra, 204 Conn. 559-560.
The record does not establish that the Appellants would have no opportunity for relief before the town of Windham. The Appellants after initially seeking state oversight of their building project, received a municipal building permit, on the day they requested it. The project ultimately received a "Certificate of Compliance" from the town of Windham building department on January 6, 1995. (R. #16, letter of November 22, 1994 to Appellants.) Appellants' December 6, 1994 letter was also answered promptly and courteously by town of Windham officials (R. #16 letter of December 8 and December 16, 1994).
The record is devoid of evidence that the town of Windham board of appeals could not have considered and acted on the Appellants' concern over the necessity of the November 23, 1994 building permit, the imposition of the CT Page 7867 eleven dollar penalty, and the conduct of its building department employees.
The court may not presume that the town of Windham officials would act improperly, in fact the law suggests the opposite assumption in the absence of evidence. Spero v.Zoning board of Appeals, 217 Conn. 435, 440 (1991).
The court must "fully resolve" any jurisdictional question before considering the merits of the appeal.Castro v. Viera, 207 Conn. 420, 426 (1988).
The Defendants town of Windham and Curtis Garry have confronted the jurisdictional issue by their Motion and supporting brief.
The court is without jurisdiction because of the Appellants failure to exhaust adequate administrative remedies as set forth in § 29-266.
The Appeal is Dismissed.
Robert F. McWeeny, J.