[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FACTS
The plaintiff, Denise Porter, began employment as a paraprofessional for the town of Board of Education (board) on or about November 9, 1998. As a paraprofessional, the plaintiff was subject to a collective bargaining agreement between the board and the National Association of Municipal Employees (agreement). During the first six months of the plaintiff's employ, she was a probationary employee and was not entitled to all of the benefits set forth in the agreement. The plaintiff alleges that her period of employment ended on May 7, 1999, the day upon which she was to become entitled to full benefits under the agreement. The plaintiff commenced the present action May 3, 2001, alleging, in three counts, wrongful termination in violation of public policy, breach of contract, and discrimination.
The defendant town of Winchester Board of Education filed a motion to dismiss the first two counts of the complaint and a supporting memorandum of law on July 5, 2001, claiming that the plaintiff failed to exhaust administrative remedies as outlined by Connecticut's statutory scheme. CT Page 14928 The plaintiff objected to the motion on the ground that the agreement prevents probationary employees from availing themselves of the grievance process.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. " Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); Shay v. Rossi,253 Conn. 134, 140, 749 A.2d 1147 (2000).
"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown 245 Conn. 657, 676,716 A.2d 50 (1998). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Mendillo v. Board of Education,246 Conn. 456, 466, 717 A.2d 1177 (1998). "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 728, 724 A.2d 1084
(1999). "[T]here is no reason why this rule should not be applied when failure to exhaust administrative remedies is advanced as a reason for a finding of absence of subject matter jurisdiction. " Bennett v. Town ofSprague, Superior Court, judicial district of New London at Norwich, CT Page 14929 Docket No. 119551 (February 22, 2001, Corradino, J).
The Connecticut Supreme Court has recognized, and the plaintiff has asserted, that there are circumstances under which a party may be excused from the exhaustion requirement. Such exceptions have been very narrowly applied and under limited circumstances. Johnson v. Statewide GrievanceCommitee, 248 Conn. 87, 103, 726 A.2d 1154 (1999). One such occasion is when recourse to an administrative remedy would be futile or inadequate. Id. To invoke this exception the plaintiff must demonstrate that recourse to the remedy would be useless or would "[avail] them nothing." Greenwichv. Liquor Control Commission, 191 Conn. 528, 542 (1983).
The plaintiff alleges in the first count of the complaint that the defendant wrongfully discharged her in violation of public policy by purposefully terminating her to prevent her from attaining full union membership status.
"Municipal employers or their representatives or agents are prohibited from: . . . [i]nterfering, restraining or coercing employees in the exercise of the rights guaranteed in section 7-468 . . ." General Statutes § 7-470 (a)(1). "Employees shall have, and shall be protected in the exercise of, the right of self-organization, to form, join or assist any employee organization. free from actual interference, restraint or coercion. " General Statutes § 7-468 (a). "Whenever a question arises as to whether a practice prohibited by sections 7-467 to7-477 inclusive, has been committed by a municipal employer or employee organization, the board shall consider that question. . . ." General Statutes § 7-471 (5). The plaintiff has alleged a practice prohibited by § 7-470.
The State Board of Labor Relations has the authority to hear and decide complaints alleging a violation of § 7-470. See General Statutes § 7-471 (5). Accordingly, the court finds that the plaintiff failed to exhaust administrative remedies that she was required to avail herself of as to the first count of the complaint by failing to file a prohibited practice claim to the State Board of Labor Relations. The question that remains is whether the futility or adequacy of remedy exceptions to the exhaustion doctrine apply.
Section 7-471 (5)(B) states: "[i]f, upon all the testimony, the board determines that a prohibited practice has been or is being committed, it shall state its findings of fact and shall issue and cause to be served on the party committing the prohibited practice an order requiring it or him to cease and desist from such prohibited practice, and shall take such further affirmative action as will effectuate the policies of sections 7-467 to 7-477, inclusive, including but not limited to: (i) CT Page 14930 Withdrawal of certification of an employee organization established or assisted by any action defined in said sections as a prohibited practice, (ii) reinstatement of an employee discriminated against in violation of said sections with or without back pay, or (iii) if either party is found to have refused to bargain collectively in good faith, ordering arbitration and directing the party found to have refused to bargain to pay the full costs of arbitration under section 7-473c, resulting from the negotiations in which the refusal to bargain occurred."
The legislature has bestowed broad powers upon the board to offer employees relief. See General Statutes 7-471 (5)(B). Here, the plaintiff has failed to demonstrate that filing a prohibited practice claim with the board would have availed her nothing. See Silverman v. New Haven,19 Conn. App. 360 (1989). The court therefore concludes that the motion to dismiss the first count of the complaint is granted for the plaintiff's failure to exhaust administrative remedies.
The second count of the complaint sounds in breach of contract and essentially alleges that the defendant violated the terms of its contract with the plaintiff regarding absences from work and, as a result, the plaintiff was terminated.
"[A]s a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court."Kolenberg v. Board of Education, 206 Conn. 113, 123, cert. denied,487 U.S. 1236, 108 S.Ct. 2903, 101 L.Ed.2d 935 (1988). "Failure to exhaust available grievance and arbitration remedies implicates the court's subject matter jurisdiction. " Id. at 122 n. 5 citing, SchoolAdministrators Association v. Dow, 200 Conn. 376, 383, 511 A.2d 1012
(1986).[1]
The plaintiff in opposing this motion, claims that because she was a probationary employee, the grievance process with regard to termination was not available. The plaintiff, however, alleges in the complaint that the stated reason for her dismissal was "work schedule conflict." (Complaint at 3.) The affidavit submitted by Judith Palmer. Assistant Superintendent of Schools for the defendant, states that the agreement governed salary, hours and other conditions of employment to which the plaintiff was subject. The agreement provides a grievance procedure to be followed when an employee alleges a violation of the agreement. The conduct complained of by the plaintiff is subject to the grievance procedure set forth in the agreement. The plaintiff did not avail her, elf of the grievance procedure. Once again, the plaintiff has failed to demonstrate that resort to the grievance procedure under the CT Page 14931 circumstances of her claims in the second count would have been futile or inadequate.
For the foregoing reasons, the court grants the motion to dismiss as to the first and second counts of the plaintiff's complaint.
Agati, J.