SAVOY LAUNDRY, INC. *v.* TOWN OF STRATFORD ET AL.
(11750)

DUPONT, C. J., DALY and SCHALLER, Js.

Argued June 1—decision released August 24, 1993

*Laurence V. Parnoff,* with whom, on the brief, was *Kathryn L. Braun,* for the appellant (plaintiff).

*Alan Neigher,* with whom, on the brief, was *Judith M. Trutt,* for the appellees (defendants).

DALY, J. The plaintiff, Savoy Laundry, Inc., appeals from the judgment of the trial court dismissing its six count complaint against the United States Department of Housing and Urban Development (HUD), Stratford redevelopment agency (SRA) and the town of Stratford, for improperly assessing relocation payments due the plaintiff, and against four individual defendants for negligence, conspiracy and failure to discharge its duties properly. The plaintiff claims that the trial court improperly dismissed the action on the ground that it lacked jurisdiction to hear the matter because the plaintiff had failed to exhaust its administrative remedies under the Uniform Relocation Assistance Act, General Statutes § 8-266 et seq.[1] We affirm the judgment of the trial court.

The relevant facts are as follows. In 1973, the defendants SRA and HUD executed an agreement to construct public housing in Stratford. The project, referred to as the Frash Pond urban development project, involved the construction of housing on the location of

---

[1] General Statutes § 8-266 provides in pertinent part: "This chapter shall be known as the uniform relocation assistance act. The purpose of this chapter is to establish a uniform policy for the fair and equitable treatment of persons displaced by the acquisition of real property by state and local land acquisition programs . . . ."

the plaintiff's laundry and linen supply business at 405-425 Woodend Road in Stratford. The plaintiff leased these premises from the owner, Vazzano Realty Co., Inc. Although the plaintiff and Vazzano Realty are separate corporations, both entities are owned by the same individuals. On October 4, 1975, SRA condemned the property for the project in conjunction with the agreement with HUD. In November, 1975, Vazzano Realty was compensated $562,200 for the condemnation of this property pursuant to the Uniform Relocation Assistance and Real Property Policies Act of 1970, 42 U.S.C. § 4601 et seq. Vazzano constructed a new building at 895 Woodend Road and the plaintiff subsequently leased and took possession of the premises late in the summer of 1977. On November 14, 1977, the plaintiff submitted a claim for relocation expenses totaling $189,558.44, but SRA approved only $26,700 of that request.

After a 1980 hearing, the SRA denied Savoy's request for additional compensation. Savoy appealed this ruling to the HUD regional office, which refused to revise the amount offered by SRA. The plaintiff then filed a federal action under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq., against the same defendants involved in this action. The present action was instituted on February 1, 1983, and was removed to the United States District Court and consolidated with the federal action on HUD's motion. On February 28, 1985, the District Court granted HUD's motion for summary judgment dismissing the action against the federal defendants after finding that SRA and HUD had acted in good faith in determining the proper disposition of Savoy's claim for relocation expenses and after determining that Savoy had already been compensated for the damages sought in the eminent domain proceedings involving Vazzano. The case was remanded

to the state court because the District Court determined that it lacked subject matter jurisdiction over the remaining state claims. The plaintiff never sought administrative review by the housing commissioner of its grievance that it had not been properly reimbursed for its relocation expenses.

The issue of subject matter jurisdiction was raised in the trial court, which, on September 8, 1992, found that it lacked subject matter jurisdiction since the plaintiff had failed to exhaust available administrative remedies. This appeal ensued.

The plaintiff claims that the doctrine of exhaustion of remedies does not apply to the causes of action alleged in its complaint. Specifically, the plaintiff claims that the trial court possessed subject matter jurisdiction because (1) the housing commissioner is authorized to review an agency action relating only to eligibility, and had no authority to hear the claims alleged in the complaint, (2) the relief available in an administrative action was an inadequate remedy because the housing commissioner was not authorized to award the category of damages sought in the trial court action, and (3) the housing commissioner was not authorized to review a decision rendered by HUD.

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." (Citation omitted; internal quotation marks omitted.) *LeConche* v. *Elligers,* 215 Conn. 701, 709–10, 579 A.2d 1 (1990). Where the court's jurisdiction to hear a case is challenged, the court must fully resolve the issue of subject matter jurisdiction before proceeding with the case. *Castro* v. *Viera,* 207 Conn. 420, 429, 541 A.2d 1216 (1988). When the court deter-

mines that it does not possess jurisdiction, it must dismiss the case. *Silverman* v. *New Haven,* 19 Conn. App. 360, 365, 562 A.2d 562, cert. denied, 212 Conn. 812, 565 A.2d 537 (1989). We have recognized an exception to the exhaustion requirement "where recourse to the administrative process is futile or provides an inadequate remedy. . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." (Citations omitted.) *Payne* v. *Fairfield Hills Hospital,* 215 Conn. 675, 680 n.3, 578 A.2d 1025 (1990).

The plaintiff's first three claims relate to the adequacy of the administrative remedy. The plaintiff contends that it would have been futile to pursue the administrative remedy provided for in General Statutes § 8-278[2] since the commissioner of housing was limited to reviewing the SRA's decision on eligibility for relocation payments only and since the housing commissioner could not grant the punitive damages and attorney's fees the plaintiff sought.

"We must examine the complaint to determine whether the [plaintiff was] required to exhaust an administrative remedy before the Superior Court could entertain this action. Whether prior recourse to the agency will be required will depend on the injury alleged and the administrative remedy available." (Internal quotation marks omitted.) *Griswold* v. *Union Labor Life Ins. Co.,* 186 Conn. 507, 519, 442 A.2d 920 (1982).

As to the plaintiff's claim that it would be futile to pursue the remedy provided in § 8-278 since it limits the commissioner of housing to determining the eligi-

---

[2] General Statutes § 8-278 provides in pertinent part: "Any person or business concern aggrieved by any agency action, concerning eligibility for relocation payments authorized by this chapter, may appeal such determination . . . to the commissioner of housing in the case of relocation made necessary by any other state agency program or project. . . ."

bility for relocation payments only, we must consider General Statutes § 8-273 (b) (3) which provides "that any person aggrieved by a determination as to eligibility for a payment authorized by this chapter, or the *amount of a payment*, may have his application reviewed by the commissioner of transportation for transportation projects and by the commissioner of housing for any other state agency program or project." The Uniform Relocation Assistance Act, therefore, allows the commissioner of housing to provide relocation payments to aggrieved individuals and a private right of action may not be maintained without first exhausting this administrative remedy. In this case, the plaintiff's cause of action involves the very issues the mechanism of § 8-273 was intended to test. Thus, the commissioner of housing is authorized to review the amount of payment made to the plaintiff under this provision.

In its prayer for relief, Savoy requested monetary damages, interest, punitive damages and attorney's fees. The possibility that the commissioner might rule adversely as to the Savoy's claim for attorney's fees and punitive damages does not necessarily render its resort to the review procedure futile or inadequate. "There are good reasons for requiring that parties exhaust available administrative remedies before seeking judicial review. Foremost among those reasons is the policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." *Silverman* v. *New Haven,* supra, 366. Since we are not aware of any legal barrier to the presentation of the plaintiff's claim to the commissioner, we cannot assume that recourse to that procedure would necessarily have been futile or inadequate.

The plaintiff's preference for a particular remedy does not determine the adequacy of an administrative remedy, such as an appeal to the housing commissioner. *Connecticut Mobile Home Assn.* v. *Jensen's, Inc.,* 178 Conn. 586, 590, 424 A.2d 285 (1979). "[A]n administrative remedy, in order to be 'adequate,' need not comport with the plaintiffs' opinion of what a perfect remedy would be." Id. Should the commissioner decide that the SRA's decision is improper, he may modify it. If the commissioner's actions do not satisfy the aggrieved party, then it may seek redress in the court system. The plaintiff may not choose its administrative remedy through the framing of its own complaint. If that were possible, the purpose of the exhaustion doctrine would be thwarted. Although the plaintiff claims that punitive damages and attorney's fees are necessary for an adequate remedy in this case, we find that the remedy available to it in the statutory scheme would have been adequate because Savoy essentially disputes the SRA's valuation of appropriate relocation reimbursement.

The plaintiff argues that this action sounds in tort and contract, claims that the housing commissioner is not authorized to hear. Even if we assume that this would be considered an independent action not governed by § 8-266 et seq., "a party who has a statutory right of appeal from a decision of an administrative agency may not bring an independent action to test the very issues that the statutory appeal was designed to test." *Payne* v. *Fairfield Hills Hospital,* supra, 679. The civil action addresses the issues of the sufficiency of the amount awarded to reimburse the plaintiff and the propriety of the SRA's decision. The federal action has already disposed of the plaintiff's claims. It has already been determined that there was no denial of payment to the plaintiff. Calling that fact a "tort" does not convert it into a tort claim. The plaintiff's breach

of contract and tort claims rest on its assertion that it was improperly denied reimbursement for its move, which is essentially a claim subject to administrative review.

Finally, the plaintiff claims that the housing commissioner lacked the authority to review what the plaintiff characterizes as a decision by HUD on relocation payments. HUD contracted with the SRA, which represented the town of Stratford, to develop the Frash Pond urban development project, and § 8 of the contract stated that the SRA would "make relocation payments and payments for eligible expenses and to transfer title and condemnation litigation, and to provide relocation assistance, to or on behalf of eligible recipients in accordance with and to the full extent permitted by the regulations or other requirements of the Secretary [of HUD] and within the budgetary limitations of this Contract." The project provided for a procedure to review the SRA's calculation of the amount of the relocation payment.

We first note that the housing commissioner has the authority to review the SRA's decision, even though the SRA was working with HUD. The SRA acted on behalf of the town of Stratford and in conjunction with its agreement with HUD. The SRA determined the appropriate amount of the payment, which is precisely what is disputed here. Thus, the defendant improperly characterizes the SRA's decision.

The plaintiff also fails to recognize that, although the grievance procedure provided by HUD is separate from that provided under the Uniform Relocation Assistance Act, the federal remedy is not exclusive. Nothing in the contract or in the information setting forth the grievance procedure indicates that state administrative remedies did not apply. Moreover, Stratford does not possess the authority to execute a contract that

makes inapplicable the procedure set out by our legislature in the Uniform Relocation Assistance Act given that a town is a creature of the state subject to the laws of the state. *Upjohn Co.* v. *Zoning Board of Appeals,* 224 Conn. 96, 100, 616 A.2d 793 (1992); *James J. F. Loughlin Agency, Inc.* v. *West Hartford,* 166 Conn. 305, 311, 348 A.2d 675 (1974). The trial court properly determined that the plaintiff failed to exhaust its available administrative remedies.

The judgment is affirmed.

In this opinion the other judges concurred.