[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, New England Mutual Life Insurance Company Corporation (New England Mutual), has brought a three count complaint against the defendant, the city of Stamford, regarding municipal tax assessments on its property located at 50 Long Ridge Road in Stamford. The first two counts; according to the amended complaint of April 23, 1993, are brought pursuant to General Statutes 12-117a,[1] formerly General CT Page 9974 Statutes 12-118, and are the subject of a motion to dismiss (#116) filed by defendant on the grounds of lack of subject matter jurisdiction. Practice Book 143(1). The third count is based on General Statutes 12-119 and alleges a manifestly excessive and illegal assessment, and is not at issue in this motion to dismiss.
In the first count of the complaint, the plaintiff alleges that it was the mortgagee of the subject premises on October 1, 1991, and on May 27, 1992, took title thereto. The complaint states that along with the then owners of the property, Louis and Lillian Zlotnick, Trustees, plaintiff appealed the October 1, 1991 assessment, which was in the amount of $7,121,800, to the Board of Tax Review of the defendant city of Stamford at a session thereof held in April of 1992. However, this assessment was never implemented because, by reason of Public Act 92-197, amending General Statutes 12-62, and Special Act 92-23(4), the Connecticut Legislature authorized Stamford to defer the required decennial reevaluation until October 1, 1993. The assessor then used the October 1, 1990 assessment of $3,713,890, which had been the assessment for the previous four years, as the official assessment for October 1, 1991.
The plaintiff also alleges that the revised October 1, 1991 assessment was the subject of Stamford Board of Tax Review hearings held on July 20 and 21, 1992, but that plaintiff was never notified either of the scheduling of these hearings, or of the fact that the defendant was abandoning the first 1991 assessment. Plaintiff contends that it did not have the opportunity to appeal the revised 1991 assessment, which is described as "disproportionate, excessive and unfair," and in violation of General Statutes 12-55 and 12-63.[2] In the second count of the complaint, the plaintiff alleges that the 1991 assessment was "not in accord with the assessment of similar properties in Stamford."
In defendant's motion to dismiss, it argues that the first two counts of the complaint are brought pursuant to General Statutes12-117a, which requires an appeal to a municipal board of tax review pursuant to General Statutes 12-111,[3] and then an appeal to this court. Although plaintiff appealed the first 1991 assessment to the Stamford Board of Tax Review, that assessment was invalidated and the assessment used for a number of prior years, $3,713,890, became the October 1, 1991 assessment. That assessment is the subject of this appeal.[4]
The defendant claims that this court lacks subject matter jurisdiction to hear the first two counts of plaintiff's complaint because the plaintiff did not appeal this latter assessment to the Board CT Page 9975 of Tax Review as authorized by General Statutes 12-111.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belongs . . . When the court determines that it does not possess jurisdiction, it must dismiss the case." Savoy Laundry, Inc. v. Stratford, 32 Conn. App. 636, 639-40, 630 A.2d 159, cert. denied,227 Conn. 931, A.2d (1993) (Citations omitted; internal quotation marks omitted.)
The plaintiff claims that the motion to dismiss should be denied because it was never notified that the first 1991 assessment had been abandoned, that a new 1991 assessment had been adopted, and that the Stamford Board of Tax Review had scheduled hearings on this latter assessment in July of 1992. The defendant points out that General Statutes 12-110 sets forth the requirements for notice of meetings of a municipal tax review board, and that personal notice to a property owner is not required. The defendant argues that the statute requires notice of such meetings to be published in a newspaper "having a general circulation" in the municipality, and to be posted on a municipal signpost, or an "exterior place near the office of the town clerk." The defendant claims to have satisfied both requirements of the statute, and it attached to its motion to dismiss copies of the notice certified by both the newspaper publisher and the municipal clerk.
The Appellate Court has noted that tax appeals pursuant to General Statutes 12-117a fall within the axiom that: "[a]ppeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal . . . ." Southern New England Telephone Company v. Board of Tax Review, 31 Conn. App. 155, 160-61, 623 A.2d 1027 (1993), (Citations omitted; internal quotation marks omitted.) A dismissal for lack of subject matter jurisdiction was upheld in that case, because the citation named the municipal board of tax review instead of the municipality itself. In the present case, there was no appeal at all to the Stamford Board of Tax Review, and it seems evident that this court lacks subject matter jurisdiction.
Therefore, the motion to dismiss the first two counts is granted because the plaintiff did not appeal the revised October 1, 1991 assessment to the local board of tax review as authorized by General Statutes 12-111, which is a condition precedent to an appeal pursuant to General Statutes 12-117a. CT Page 9976
So Ordered.
Dated at Stamford, Connecticut, this 17th day of November, 1993.
William B. Lewis, Judge