[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are two motions to dismiss for lack of subject matter jurisdiction, Practice Book 143(1), filed by defendants Francesco and Maria Palladino (#106) and by defendants Town of New Canaan and three of its building and zoning officials (#108). This case involves a controversy between the plaintiffs, Renata and Marcos Pierotti, and the Palladinos, who own adjoining property on Scofield Lane in New Canaan, in the Residence B zone and concerns the size and other aspects of a single family home the Palladinos propose to construct on their premises. The plaintiffs claim that the Palladinos are in the process of constructing a home that is three and a half stories high, rather than the maximum two and a half stories and 30 feet permitted by the New Canaan Zoning Regulations. Also at issue is the location on which the Palladinos propose to deposit fill, which must be at least 50 feet from any CT Page 1031 property line if more than 6 inches of fill is involved. The plaintiffs contend that the Palladinos seek to backfill their foundation in an illegal attempt to comply with the height requirements of the zoning regulations.
The town and the three officials are also defendants because the plaintiffs claim that they are permitting the Palladinos to build their home in violation of the regulations, and that they have refused to issue a cease and desist order. The first count of the complaint alleges that on May 25, 1993, the New Canaan Planning and Zoning Commission approved the Palladinos' fill plan subject to their obtaining a variance from the Zoning Board of Appeals to allow filling within 50 feet of the property line. The plaintiffs appealed this decision of the Commission to the Board of Appeals, and the Palladinos also applied to that board for a variance of the 50 foot setback requirement for fill.
On November 1, 1993, the Board of Appeals rejected the plaintiffs' appeal of the Commission's decision granting a fill permit subject to the variance from the Board. The plaintiff's appealed the Board's decision to this court, docket number CV 93 0135437, and seek a reversal of the Board of Appeals' denial of their application to reverse the Commission decision regarding placement of fill.
The plaintiffs also assert in the first count of their complaint that the Palladinos are violating the sedimentation and erosion control plans that they filed and which were approved. The plaintiffs contend they will suffer irreparable harm if the house is constructed as proposed and that they have no adequate remedy at law because the house will block their light, air and view, and that their property may be subject to downslope siltation. The plaintiffs seek a temporary and permanent injunction against the Palladinos enjoining them from continued construction of their residence as planned.
The second count is directed against the town and its zoning and building officials and alleges that they have "ministerial, non-discretionary duties to enforce zoning regulations whenever there is a violation." Plaintiffs seek an order of mandamus against these officials ordering them to enforce the town's regulations.
The Palladinos, motion to dismiss is based on the claim that the plaintiffs have failed to exhaust their administrative remedies CT Page 1032 since the same issues, height and fill setback requirements, presented by the case at bar are the subject of the pending appeal in docket number CV 93 0135437. The municipal officials also contend in their motion to dismiss that the plaintiffs lack standing to pursue this case since: (1) they have not exhausted their administrative remedies; (2) mandamus cannot be issued because the enforcement of zoning regulations is a "discretionary function and depends upon the exercise of judgment;" and (3) the plaintiffs have an adequate remedy because they are seeking to enjoin the Palladinos from constructing their home.
A motion to dismiss "is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upon v. State, 190 Conn. 622,625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone." Bade [Barde] v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). The complaint is to be construed most favorably to the plaintiff. Diego v. Hopkins,191 Conn. 222, 227, 464 A.2d 45 (1983).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings belong . . . . That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction . . . . We have recognized an exception to the exhaustion requirement where recourse to the administrative process is futile or provides an inadequate remedy . . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." (Citations and internal quotation marks omitted.) Savoy Laundry, Inc. v. Stratford,32 Conn. App. 636, 639-40, 630 A.2d 159, cert. denied, 227 Conn. 931,632 A.2d 703 (1993).
Considering the first count in which the plaintiffs seek an injunction against continued construction of the Palladinos' residence, it is well settled that: "[a]ny person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies]." (Citations and internal quotation marks omitted.) Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 230
(1987). The court went on to state that one seeking an exception to the exhaustion doctrine must clearly and precisely allege "specific and material claims of damage." Id., 76. Based on these standards, the plaintiffs adequately allege their claims of damage CT Page 1033 and hence the motion to dismiss the first count is denied. In addition, the granting of an injunction would appear to provide broader relief in terms of stopping construction of the Palladinos' home, as contrasted with the administrative appeal of the Board of Appeals' decision regarding fill which seeks a reversal of that decision.
Regarding the motion to dismiss the second count directed against the three municipal officials for their alleged failure to enforce the zoning regulations, enforcement of the zoning regulations is clearly a governmental function. General Statutes8-3(e) and 8-12. Municipal officials are generally immune from liability when they are performing discretionary, as contrasted with ministerial duties, which are to be performed in a prescribed manner without requiring the exercise of judgment or discretion. Evon v. Andrews, 211 Conn. 501, 505. It appears clear to this court that compelling a municipal official to take some specific action in this case where the height of a building and the location of fill are involved would be tantamount to ordering the performance of a discretionary duty. A mandamus may only issue pursuant to General Statutes 52-485(a) if, among other things, the official is charged with a ministerial duty, rather than a discretionary one. Vartuli v. Sotire, 192 Conn. 353, 365,472 A.2d 336 (1984).
Hence, the Palladinos motion to dismiss the first count directed against them is denied, and the motion of the municipal officials to dismiss the second count is granted.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of February, 1994.
William B. Lewis, Judge