[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The issue before the court is whether the instant action must be dismissed because of the plaintiffs' failure to abide by the dictates of Connecticut General Statutes section 33-411 respecting the service of process on a foreign corporation. The plaintiffs, John and Donna D'Angelo, instituted the present action on July 5, 1994 against the defendant, A-1 Hydro Cleaning Systems, Inc., for damages sustained as a result of an accident allegedly caused when the defendant's steam machine malfunctioned.
The defendant, A-1 Hydro Cleaning Systems, Inc., is a foreign corporation existing under the laws of the State of New York with its executive offices and principal place of business located at 6 Pine Street, New Rochelle, New York.
The sheriff's return on the writ indicates that service was made upon the defendant, A-1 Hydro Cleaning Systems, Inc., by leaving two true and attested copies of the original writ, summons, notice and complaint with the Secretary of the State of Connecticut. The summons lists the defendant's address as 110 North Healy Avenue, Hartsdale, New York.
The defendant filed its appearance on December 27, 1994 and now moves to dismiss this action on the grounds that the court lacks personal and subject matter jurisdiction. The motion to dismiss was filed on January 5, 1995, within the thirty-day time limit established by the Practice Book Section 142. Both parties have filed supporting memoranda of law.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted, internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Citations omitted.) Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
"The grounds which may be asserted in [the] motion are: 1) lack of jurisdiction over the subject matter; 2) lack of jurisdiction over the person; . . . 4) insufficiency of process; and CT Page 5393 5) insufficiency of service of process." Zizka v. Water Pollution,195 Conn. 682, 687, 490 A.2d 509 (1985) citing Practice Book § 143.
"The motion shall always be filed with supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Brown v. Jewett, 4 CSCR 611, 612
(July 11, 1989, O'Connell, J.), citing Burton v. PlanningCommission, 13 Conn. App. 400, 536 A.2d 995 (1988), aff'd,209 Conn. 609 553 A.2d 161 (1989).
"It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531,545, 590 A.2d 914 (1991). "[T]he court must fully resolve the issue of subject matter jurisdiction before proceeding with the case." (Citation omitted.) Savoy Laundry, Inc. v. Stratford, 32 Conn. App. 636,639, 630 A.2d 159 (1993); and `[w]hen the court determines that it does not possess jurisdiction, it must dismiss the case." (Citation omitted.) Savoy Laundry, Inc. v. Stratford,
Id.
The defendant in the present action moves to dismiss the plaintiffs' complaint on the grounds that the court lacks personal and subject matter jurisdiction in this action due to improper service of process. The defendant argues that the court has not acquired jurisdiction in this case because the plaintiffs failed to comply with Connecticut General Statutes Section 33-411 which governs service of process on foreign corporations.
The plaintiffs counter that the motion to dismiss should be denied because the notice provision of Section 33-411 was complied with when service was made upon the Secretary of the State of Connecticut as registered agent for service of process.
General Statutes § 33-411 governs service of process upon foreign corporations. Zampano v. L.G. DeFelice, Inc., Superior Court judicial district of New Haven at New Haven, Docket No. 296880 (May 26, 1992, O'Keefe, J.) The secretary of state is deemed agent for service of process on foreign corporations conducting business in this state and service of process shall be made in accordance with § 33-411. Id. Section 33-411 (d) provides:
 "[i]n any action brought (1) under subsection (b) or (c) of this section or (2) under subsection (e) of section 33-371, or in any foreclosure or other action involving CT Page 5394 real property located in this state in which a foreign corporation, although not transacting business in the state, owns or claims to own an interest, the secretary of state shall be deemed the agent of the corporation in this state and service of process on such corporation shall be made as provided in subsection (a) of this section, except that the secretary of the state shall address the copy thereof to the corporation at the address of its executive offices or, if it has no such office, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process." (Emphasis added).
The defendant has submitted the sworn affidavit of Howard Krew, president of A-1 Hydro Cleaning Systems, Inc, who avers that on the date of service of process, A-1's executive office was located at 6 Pine Street, New Rochelle, New York. Section 33-411 would require that service be made on the Secretary of State who would have been required to address a copy of the writ to the defendant at its executive office, the address for which to be furnished by the plaintiffs. The plaintiffs served the Secretary of State as agent for service of process. The Secretary of State forwarded a copy of the process to the defendant at 110 North Healy Avenue, Hartsdale, N.Y., the address set forth by the plaintiff on the writ. Section 33-411 permits the Secretary of State to forward process to a defendant's last known address if it does not have an executive office. In the present case the defendant maintains its executive office, at 6 Pine Street, New Rochelle, N.Y., not at the address listed on the original summons. "When a statute specifies the manner of service, unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Keefe v. Ox-Bow Marina, Inc., Superior Court judicial district of New London at New London, Docket No. 508307 (August 2, 1990, Burns, J.), citing Hyde v. Richard, 145 Conn. 24,25 (1958); General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223,227 (1988).
In Keefe, a case which involved service of process upon a foreign corporation pursuant to section 33-411, the court in granting the defendant's motion to dismiss stated "the process attempted to be served on the third party defendant . . . was insufficient in that it did not set forth the address of [the defendant's] executive offices, and the service of process on the third party defendant was insufficient in that it was not mailed to CT Page 5395 [the defendant's] executive offices. Consequently this court lacks jurisdiction over the third party defendant . . ." Keefe, supra.
In Zampano v. L.G. DeFelice, Inc., Superior Court judicial district of New Haven at New Haven, Docket No. 296880 (May 26, 1992, O'Keefe, J.), which also involved service of process pursuant to section 33-411, the plaintiff sued the defendant general contractor for damages arising out of a work related accident. The court in this case dismissed the plaintiff's complaint stating that "unless the service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction."
The plaintiffs in the present case made service upon the defendant by serving the Secretary of State as agent for service of process. Further, the summons shows the defendant's address as being 110 North Healy Avenue, Hartsdale, N.Y. The defendant has submitted documentation which establishes that the defendant's executive office was not located at North Healy Avenue on the date of the service. Section 33-411 requires that the Secretary of State forward a copy of the process to the defendant at its executive office and if no office is known then to its last address. The service of process in this action was insufficient. Thus, the court is without personal and subject matter jurisdiction over the defendant. Therefore, the defendant's motion to dismiss is granted.
Skolnick, J.