[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 627
By motion dated December 12, 1995, the defendant moves to dismiss plaintiff's application for a prejudgment remedy, claiming this court lacks jurisdiction over the subject matter of the complaint. Specifically, the defendant claims that since plaintiff's complaint is grounded upon the allegation that the defendant wrongfully accepted temporary total worker's compensation benefits, jurisdiction over the subject matter remains exclusively with the Worker's Compensation Commission. Defendant also notes that in addition to the action commenced in this court, the plaintiff has, contemporaneously, commenced proceedings before the Worker's Compensation Commission, risking the possibility of conflicting rulings from two different forums relative to the same subject matter.
In its complaint attached to its application for a prejudgment remedy, the plaintiff alleges in substance that despite having the capacity to work and having performed services, the defendant accepted payments for temporary total incapacity pursuant to Section 31-307 of the General Statutes; and, that the defendant fraudulently induced the plaintiff to continue said payments in violation of Section 31-290c of the General Statutes. Among other remedies, the plaintiff seeks statutory treble damages. As the plaintiff points out, this civil action is specifically authorized by the clear and unambiguous language of Section 31-290c of the Worker's Compensation Act, as is the demand for treble damages. Bearing in mind that every presumption is to be indulged in favor of this court's jurisdiction, LeConche v. Elligers, 215 Conn. 701,709-10 (1990), while the opposite is true with respect to the jurisdiction of an administrative body, Stern v. MedicalExamining Board, 208 Conn. 492, 501 (1988), to suggest that this court lacks jurisdiction relative to a civil matter, so designated by statute, would seem to warrant little further discussion.
All parties would agree that adjustments and modifications of worker's compensation benefits are solely the function of the commission, Hyatt v. Milford, 26 Conn. App. 194, 199 (1991); however, this exclusive remedy doctrine is qualified by and limited to the rights and claims specifically allowed by the Worker's Compensation Act itself. Just as the criminal sanctions authorized by Section 31-290c lie beyond the scope of the commission's powers, so also do the civil sanctions of Section CT Page 62831-290c. That being the case, the principle of exhaustion of administrative remedies does not apply, Savoy Laundry, Inc. v.Stratford, 32 Conn. App. 636, 639-640 (1993).
Furthermore, as plaintiff notes, and as is fully supported in its brief, concurrent jurisdiction can exist and has existed in other circumstances without affecting the validity of either forum's decisions. However, even though the general subject matter might overlap, this is not a case of concurrent jurisdiction since the Worker's Compensation Commission does not have jurisdiction of a action brought pursuant to Section 31-290c. The Worker's Compensation Commission is an administrative body limited to powers specifically authorized by statute. "[N]othing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so; and . . . nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly so alleged . . . [N]o court is to be ousted of its jurisdiction by implication." (Citations omitted; internal quotation marks omitted.) Cartenv. Carten, 153 Conn. 603, 612-613 (1966). In this matter there is no authority to support the proposition that the Worker's Compensation Commission retains jurisdiction of this civil
proceedings being initiated by the plaintiff.
/s/ Fasano FASANO, J.