[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this civil action has moved to dismiss counts four, five and six of the complaint, which allege violations of General Statutes § 46a-60, for the reason that the plaintiff has not yet exhausted his administrative remedies before the Commission on Human Rights and Opportunities and received a release to sue from the Commission pursuant to General Statutes § 46a-100. General Statutes § 46a-100, entitled "Discriminatory employment practices. Cause of action upon release from commission" provides: "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82, alleging a violation of section 46a-60
and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business, except any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford-New Britain." The defendant responds that the Commission cannot afford him adequate relief because he is seeking punitive damages, money damages for emotional distress and attorney's fees which the Commission is not authorized to award.Bridgeport Hospital v. CHRO, 232 Conn. 91 (1995); see General CT Page 4119 Statutes §§ 46a-86, 46a-89, 46a-89a.
"[T]he doctrine requiring exhaustion of administrative remedies implicates subject matter jurisdiction. . . ." Paynev. Fairfield Hills Hospital, 215 Conn. 675, 679, 577 A.2d 1025
(1990). "`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. Connecticut Life Health Ins. GuarantyAssn. v. Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099
(1977).' (Internal quotation marks omitted.) GreaterBridgeport Transit District v. Local Union 1336, 211 Conn. 436,438, 559 A.2d 1113 (1989); see also Pet v. Dept. ofHealth Services, 207 Conn. 346, 350-51, 542 A.2d 672 (1988);Concerned Citizens of Sterling v. Sterling, 204 Conn. 551,557, 529 A.2d 666 (1987); Cummings v. Tripp, 204 Conn. 67, 75,527 A.2d 230 (1987); LaCroix v. Board of Education, 199 Conn. 70,78-80, 505 A.2d 1233 (1986)." Simko v. Ervin, 234 Conn. 498,503-504 (1995).
Although the doctrine of exhaustion of administrative remedies originally was a judicial creation; see McNish v.American Brass Co., 139 Conn. 44, 53 (1952), cert. denied,344 U.S. 913 (1953); it turns, in the final analysis, on the legislature's intent. Joo v. Capitol Switch, Inc., 231 Conn. 328
(1994). A legislative act must be read as a whole and construed to give effect and to harmonize all of its parts.Hayes v. Smith, 194 Conn. 52, 58 (1984). Thus construed, General Statutes §§ 46a-99 to 46a-104 evidence an intention that an action complaining of discriminatory employment practices in violation of General Statutes § 46a-60 may be brought only after obtaining the release from the commission, as provided for in General Statutes §§ 46a-100, 46a-101.
It is also true that "[t]he plaintiff's preference for a particular remedy does not determine the adequacy of an administrative remedy. . . . Connecticut Mobile Home Assn. v.Jensen's, Inc., 178 Conn. 586, 590, 424 A.2d 285 (1979). `[A]n administrative remedy, in order to be "adequate," need not comport with the plaintiffs' opinion of what a perfect remedy would be.' Id." Savoy Laundry, Inc. v. Stratford, 32 Conn. App. 636,642, 630 A.2d 159 (1993). However, this court deems the legislature's intent, as expressed in chapter 814c of the General Statutes, to be dispositive. This court respectfully disagrees with Judge Wagner's holdings to the contrary in CT Page 4120Cross v. Nearine, Superior Court, Judicial District of Hartford-new Britain at Hartford, No. 538675 (1995), and St.Germaine v. Ensign Bickford Co., Superior Court, Judicial District of Hartford-New Britain at Hartford, no. 539310 (1994).
The motion to dismiss the fourth, fifth and sixth counts is granted.