[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The principal issues raised by the motion for summary judgment before the court are (1) whether the plaintiff failed to exhaust administrative remedies with respect to her claim that her employee representative organization and its parent organization failed to adequately represent her in a dispute with her employer supervisors and, if so, (2) whether this court lacks jurisdiction over the plaintiff claims of civil conspiracy, negligence and unfair trade practices against the employee CT Page 9677 representative organization and its parent.
The following material facts are not in dispute. On October 20, 1987, the defendant, Area Cooperative Educational Services (ACES), hired the plaintiff, Joan Krajewski, to work in the defendant's Multiple Handicapped Unit. Krajewski is a certified special education teacher in the state of Connecticut, and ACES provides special education services to students in approximately twenty-six Connecticut School districts. At the times relevant to this action, the defendant Peter Young was the executive director of ACES.
The defendants ACES Educational Association (ACESEA) and its statewide parent organization, Connecticut Educational Association (CEA), are employee representative organizations within the meaning of General Statutes §§ 10-153b.[1] ACESEA is certified as the exclusive bargaining representative of ACES.
From the date of her hiring, through June, 1992, the plaintiff worked for ACES in her capacity as a special education teacher. In of 1992, the plaintiff was transferred, involuntarily, to another ACES program. The plaintiff was assigned to the Severe Communication and Behavior Disorder section, a position that required more intensive interaction with the students. Shortly after beginning her new assignment, the plaintiff came into conflict with her supervisor, Joy St. Ledger. The plaintiff allegedly was directed by St. Ledger to use corporal punishment to discipline and control severely handicapped students.[2] Ultimately, plaintiff refused to use physical force and, on May 27, 1993, she was sent a notice of pending termination.
On June 22, 1993, the plaintiff, though a tenured teacher, was informed by ACES, in accordance with a "seniority override" provision in her collective bargaining agreement, that she would not be offered a new employment contract. The plaintiff was also told that ACES had informed ACESEA that she would not be considered any future positions. In response, the plaintiff filed grievances in accordance with the grievance procedure in the collective bargaining agreement. The plaintiff also requested a formal public hearing pursuant to General Statutes § 10-151
(d).[3] No hearing was ever held.
Soon thereafter, on July 23, 1993, the plaintiff's termination revoked and she was transferred to a different school CT Page 9678 and teaching unit. Nonetheless, the plaintiff filed a claim with the State Board of Labor Relations (SBLR) against ACES and the Connecticut Educational Association (CEA), alleging that both parties breached their duty of fair representation. After an extensive hearing, the SBLR found that the plaintiff's claims against ACESEA and CEA to be unsupported by the evidence.
The plaintiff then filed a ten count complaint against ACES, ACESEA and the CEA. As contained in the plaintiff's revised complaint, the relevant counts for purposes of the defendants, motion for summary judgment are eight, nine and ten. These counts allege respectively, civil conspiracy against all three defendants; negligence against ACESEA and CEA; and a Connecticut Unfair Trade Practices Act (CUTPA) violation against ACESEA and CEA.
Specifically, count eight against ACESEA and CEA alleges that "the defendant's [sic] CEA and[ACESEA] did not adequately represent or properly assist the plaintiff with respect to three separate grievances which the plaintiff filed." Count nine alleges the defendants ACESEA and CEA "breached their duty of reasonable care by negligently representing plaintiff in the enforcement of the [collective bargaining agreement] on behalf of the plaintiff." In count ten, the plaintiff alleges that "[t]hrough their actions and inactions in improperly representing the plaintiff, as an agency fee payer, defendants [ACESEA] and CEA violated [General Statutes § 42-110b by engaging in Unfair Trade Practices]."
The defendants ACESEA and CEA (defendants) have moved for summary judgment on counts eight, nine and ten on the grounds that (1) the plaintiff has failed to exhaust her administrative remedies, and (2) the plaintiff's claims are barred by the doctrine of collateral estoppel.
The defendants argue that since General Statutes § 10-153e(g)(4) provides for an appeal of a final order of the SBLR to the Superior Court, "the plaintiff may not maintain an independent lawsuit concerning the subject matter of SBLR's decision when she had a right to appeal from that ruling, and failed to do so." Therefore, since the SBLR ruled against the plaintiff on the merits of her case, the defendants claim that the exhaustion requirement compelled the plaintiff to pursue an administrative appeal of that decision before instituting an independent action in Superior Court. CT Page 9679
Preliminarily, the plaintiff argues in her memorandum of law that since the court (Gray, J.) determined, in denying the defendants' earlier motion to dismiss, that the plaintiff was not required to exhaust her administrative remedies against the defendants, this court is precluded from deciding otherwise. This clearly is not the law.
"`The law of the case [doctrine] expresses the practice of judges generally to refuse to reopen what has been decided and it is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutory, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided . . .'" Lewis v. Gaming Policy Board,224 Conn. 693, 697, 620 A.2d 780 (1993) citing Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). Thus, "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge."Breen v. Phelps, supra, 186 Conn. 99.
Nevertheless, "[t]he law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked." (Internal quotation marks omitted.) Carothers v.Capozziello, 215 Conn. 82, 107, 574 A.2d 1268 (1990). Therefore, "if the case comes before [a subsequent judge] regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Internal quotation marks omitted.) Lewis v.Gaming Policy Board, supra, 224 Conn. 697. I am convinced that the requirements for this court to apply its own judgment are satisfied.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." Konover v. Town ofCT Page 9680West Hartford, 242 Conn. 727, 740, 699 A.2d 158 (1997).
Pursuant to General Statutes § 10-153e(c)(3), any organization of certified professional employees or its agents is prohibited from "breaching its duty of fair representation pursuant to section 10-153a." Pursuant to General Statutes §10-153e(e), the SBLR has exclusive jurisdiction over duty of fair representation claims.[4]
The legislature has provided for judicial review of final decisions of the SBLR. General Statutes § 10-153e(g)(4) provides in pertinent part: "Any party aggrieved by the final order of the Board of Labor Relations granting or denying in whole or in part the relief sought may appeal . . . to the superior court. . . ." Because the plaintiff failed to exhaust her administrative remedy, this court presumptively lacks jurisdiction. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Pet v. Department of Health Services,207 Conn. 346, 350-51, 542 A.2d 672 (1988). "The exhaustion doctrine reflects the legislative intent that . issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." (Internal quotation marks omitted.) Simko v.Ervin, 234 Conn. 498, 504, 661 A.2d 1018 (1995). "The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it." Hunt v. Prior, 236 Conn. 421,431-32, 673 A.2d 514 (1996); cf. Cianci v. Connecticut Counsel,AFSCME, 8 Conn. App. 197, 199, 512 A.2d 232 (1986).
The plaintiff, however, argues that because she seeks damages from the defendants, the remedies provided in General Statutes § 10-151 (d) are inadequate and that she was not required to exhaust her administrative remedies. The court disagrees.
The SBLR has broad remedial powers. Board of Education v.State Board of Labor Relations, 217 Conn. 110, 128, 584 A.2d 1172
(1991). It is authorized to "issue . . . [orders] requiring [offending parties] to cease and desist from . . . prohibited [practices], and shall take such further affirmative action as CT Page 9681 will effectuate the policies of . . . this section." General Statutes § 10-153e(e). Moreover, "[the Board's] enumerated powers include the power to order reinstatement and back pay for unjustly terminated employees . . ." Board of Education v. StateBoard of Labor Relations, supra, 217 Conn. 128.[5]
Here, the remedies available to the plaintiff through the SBLR are adequate. "It is not the plaintiff's preference for a particular remedy that determines whether the remedy . . . is adequate; see e.g., Connecticut Life Health Ins. Guaranty Assn.v. Jackson, [173 Conn. 352, 357, 377 A.2d 1099 (1977)]; and an administrative remedy, in order to be `adequate,' need not comport with the plaintiff's opinion of what a perfect remedy would be. Connecticut Mobile Home Assn., Inc. v. Jensen's, Inc.,178 Conn. 586, 590, 424 A.2d 285 (1979); Savoy Laundry, Inc. v.Stratford, 32 Conn. App. 636, 630 A.2d 159, cert. denied,227 Conn. 931, 632, 636, 630 A.2d 704 (1993) (administrative remedies available to plaintiff under statute not inadequate though complaint sought relief such as punitive damages and attorney's fees, not available under statutory scheme, where essence of plaintiff's claim involved matter within authority vested in administrative agency)." Hunt v. Prior, supra,236 Conn. 434-35. "The plaintiff may not choose [her] administrative remedy through the framing of h[e]r [own] complaint. If that were possible, the purpose of exhaustion would be thwarted. SavoyLaundry, Inc. v. Stratford, supra, 32 Conn. App. 630." Id., 435. Notably, had the plaintiff prevailed before the SBLR, that Board could have awarded the her damages in the form of reimbursement.
Next, the plaintiff argues that she could not have exhausted her administrative appellate remedies because any such appeal was mooted by her reinstatement. "Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of granting practical relief through a disposition on the merits. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow . . ." (Internal quotation marks omitted.) HousingAuthority v. Lamothe, 225 Conn. 757, 763-64, 627 A.2d 367 (1993).
A court may retain jurisdiction, however, where the matter CT Page 9682 being appealed creates collateral consequences prejudicial to the interests that of the appellant, even though developments during the pendency of the appeal would otherwise render it moot.Housing Authority v. Lamothe, supra, 225 Conn. 765. The pendency of an independent civil action for damages that may be adversely affected by the dismissal of an administrative appeal is just such a collateral consequence that may save an otherwise moot appeal from dismissal because of mootness. Crest PontiacCadillac, Inc. v. Hadley, 239 Conn. 437, 439 n. 3, 685 A.2d 670
(1996). Therefore, an administrative appeal by the plaintiff from the SBLR's decision would not have been moot, and the plaintiff was not excused from appealing that decision.
Finally, the plaintiff claims that the language of General Statutes § 10-153e(g)(4), which provides that an aggrieved party "may appeal" a final decision of the SBLR is permissive because the statute employs the word "may." It is too late in the day to advance such an argument. The term "may appeal" is the verbiage by which the legislature generally confers the right of appeal, including the right to appeal from administrative agencies and officers, when the exhaustion of that right is a prerequisite to bringing a civil action. See, e.g., General Statutes §§ 4-183, 8-8, 8-278, 10-151, 12-118; Wilson v.Kelley, 224 Conn. 110 n. 1, 617 A.2d 433 (1992); Cannata v.Department of Environmental Protection, 215 Conn. 616, 622-23,577 A.2d 1017 (1990); LaCroix v. Board of Education,199 Conn. 70, 78-79, 505 A.2d 1233 (1986); Sullivan v. Board of PoliceCommissioners, 196 Conn. 208, 216-17, 491 A.2d 1096 (1985);Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 32-33,193 A.2d 483 (1963); Murphy v. Young, 44 Conn. App. 677, 680-82,692 A.2d 403 (1997); Savoy Laundry, Inc. v. Stratford, supra,32 Conn. App. 640 n. 2; Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 646-47, 501 A.2d 1223 (1985); Shearson American Express v.Banking Comm'r, 39 Conn. Sup. 462, 464 n. 4, 466 A.2d 800 (1983).
Because the plaintiff failed to exhaust her administrative remedies, this court lacks jurisdiction not only over the CT Page 9683 negligence count, but also over the counts alleging a conspiracy between ACESEA and the CEA and alleging a violation of CUTPA. SeeMcNish v. American Brass Co., 139 Conn. 44, 53-54, 89 A.2d 566
(1952), cert. denied, 344 U.S. 913, 735 S.Ct. 336, 97 L.Ed. 704
(1953) (conspiracy between company and union); Rapaport Benedict, P.C. v. Stamford, 39 Conn. App. 492, 502,664 A.2d 1193 (1995) (CUTPA); Savoy Laundry, Inc. v. Stratford, supra,32 Conn. App. 637 (conspiracy and negligence).
A lack of jurisdiction is generally raised by a motion to dismiss rather than a motion for summary judgment. In a case such as this, however, this court may treat the defendants' motion for summary judgment as a motion to dismiss. Paul v. New Haven,48 Conn. App. 385, 388 n. 2 (1998).
The court lacks subject matter jurisdiction over the eighth, ninth and tenth counts of the plaintiff's complaint. Treating the defendants' motion for summary judgment as a motion to dismiss, the motion is granted.
Bruce L. LevinJudge of the Superior Court