[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PERMISSION TO TAKE AN INTERLOCUTORY APPEAL PURSUANT TO PRACTICE BOOK § 61-4 AND ON THE DEFENDANT'S MOTION TO REARGUE THE COURT'S DENIAL OF ITS MOTION TO DISMISS
The plaintiff, Susan Neiman ("Neiman"), commenced this action against Yale University ("Yale"), for damages allegedly sustained as the result of the defendant's failure to offer her a tenured appointment in its Department of Philosophy. Plaintiff's three-count amended complaint dated February 11, 2000 alleges breach of contract, breach of the implied covenant of good faith and fair dealing contained in the contract and negligent misrepresentation.
The court granted the defendant's motion to dismiss with respect to counts one and two, the contractual claims, but denied defendant's motion with respect to the third count, which claimed negligent misrepresentation. The plaintiff seeks permission of this court pursuant to Practice Book § 61-4 to take an interlocutory appeal from the granting of the motion to dismiss and the defendant has moved the court to reconsider its decision with respect to the third count.
Because the court is going to grant the defendant's motion to reargue and grant its motion to dismiss the third count of the complaint, the plaintiff's application pursuant to Practice Book § 61-4 is rendered moot and therefore that motion is denied.
The first and second count of the plaintiff's complaint were dismissed because of her failure to observe the terms and conditions relating to review of promotion and tenure decisions as set forth in the faculty handbook, which the court found sets forth the contractual terms and conditions of the plaintiff's employment with the defendant. In its memorandum on the motion to dismiss, the court concluded that "construing the factual allegations of the third count in the light most favorable to CT Page 13355 the plaintiff, as the court must do in considering a motion to dismiss, the court concludes that this tort claim was not required to be addressed through the Handbook's Internal Grievance Procedure and that the exhaustion doctrine is, therefore, not applicable." This part of the court's memorandum on the motion to dismiss was erroneous and upon reconsideration, the court determines that the tort claims are premised on the alleged unfairness in the underlying tenure decision and are inextricably caught up in that decision. In order to prevail on her third count, the plaintiff would have to prove a defect in the tenure decision which she was first required to challenge internally before turning to the courts for relief
"The rationale for requiring a party to exhaust available administrative remedies before suing for damages equally applies to tort and contract claims arising out of the nonrenewal of an employment relationship. The exhaustion requirement serves the same purposes of eliminating or mitigating damages, recognizing the expertise of the organization's quasi-judicial tribunal, and promoting judicial efficiency for tort claims arising out of the termination of an employment relationship." Long v. Samson, 568 N.W.2d 602, 605 (N.D. 1997). See alsoEdgren v. The Regents of the University of California, 158 Cal.App.3d 515
(Court of Appeal, Second District, 1984).
A party may not choose his adminsitrative remedy through the framing of his complaint. To permit that would thwart the purpose of the exhaustion of administrative remedy doctrine. Savoy Laundry Inc. v. Stratford,32 Conn. App. 636, 630 A.2d 159 (1993). Hunt v. Prior, 236 Conn. 421,432, 673 A.2d 514 (1996). Other superior courts of this state having considered this issue have also concluded that the exhaustion of remedy doctrine applies to tort as well as contract claims where the claimed tortious acts are the same as the alleged contractual claim which is subject to the administrative review. See e.g., Lathrop v. Town of EastHampton, 2001 WL 688631, (Parker J.) (1998). Peters v. National WholesaleLiquidators of Orange, Inc., 2002 WL 467761 (Sequino, J.) (2002).
Accordingly, the court grants the motion to reargue with respect to the defendant Yale University and grants the relief requested. The third count of the plaintiff's complaint is hereby dismissed.
__________________ McLachlan, J. CT Page 13356